IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**JOHN DOE,**

    Plaintiff,

v.                                                                                          Case No.

**HIGHLAND COMMUNITY SCHOOLS,**

    Defendant.

## COMPLAINT

NOW COMES the plaintiff, John Doe, by his attorneys, Gingras, Thomsen & Wachs, LLP by attorney Paul A. Kinne, and hereby states the following as his Complaint in the above-referenced matter.

### NATURE OF PROCEEDINGS

1. This cause of action arises from Defendant's deliberate indifference and failure to respond to multiple reported student-on-student sexual assaults on school premises that made John Doe more vulnerable to sexual assault. Prior to about December, 2021, Highland Community Schools was aware that multiple Highland Community Schools students, including but not limited to Cal Dorota, Caden Lindner, and minor James Roe (collectively, the assailants), had sexually harassed and assaulted multiple students at Highland Community Schools, but the district took no action against the assailants despite its actual knowledge of the assailants' behavior. Commencing in November 2021, the assailants sexually assaulted and harassed Doe multiple times. This action alleges violations of Title IX against the Highland Community Schools.

## PARTIES

2.      John Doe (Doe) is a minor male student residing in the Western District of Wisconsin.

3.      Highland Community Schools (HCS) is a public school district operating in Wisconsin and under the laws of the State, within the Western District of Wisconsin. It receives federal financial assistant and funding as those terms are used under Title IX.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 1331 for the Title IX claim.

5.      These claims may be venued in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391, insofar as all of the parties live and/or operate in the Western District of Wisconsin, and the circumstances giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

6.      In 1972, Congress passed a law that prohibited discrimination on account of sex in federally funded education. That law came to encompass protections against sexual assault in cases where a school district was deliberately indifferent to sexual harassment and assault of students. That law is known as Title IX.

7.      Title IX provides, in part, that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

8.      Doe attended HCS during the 2021-2022 school year.

9.      For a prolonged period prior to November 2021 and continuing thereafter, male students at HCS, including but not limited to Cal Dorota, Caden Lindner, and minor James Roe,

subjected students at HCS to sexual harassment and assault, similar to the harassment and assaults endured by Doe as described later in this complaint. Some of that assaultive and harassing behavior also includes:

    a. Dorota jammed his fingers on a student's buttocks as if to penetrate the student's anus.

    b. Dorota pinned a student to the ground and simulated sexual intercourse on top of him, while sticking his finger down the student's throat.

    c. Dorota pulled down the pants and underwear of a student, exposing the male student's bare genitals.

    d. Dorota bit another (male) student on the nipple hard enough to leave a bruise.

    e. Dorata frequently would grab the genitals or buttocks of HCS students or poke their clothed anus with his finger.

10. Prior to December 17, 2021, administration, teachers and / or coaches at HCS, and in particular Principal Josh Tarrell, were aware of the sexually harassing or assaultive behavior of Cal Dorota, Caden Lindner, minor James Roe and others, but took no action to end their behaviors.

11. Commencing in November 2021, the assailants engaged in the following behavior:

    a. Dorota would feign that he was going to grab Doe in the crotch, on multiple occasions.

    b. Dorota grabbed Doe in the crotch, keeping hold for several seconds before letting go. This conduct occurred multiple times. Dorota responded to

    Doe's clear offense at his (Dorota's) conduct by stating, "I know you like it" or "Look at me [while I assault you]."

  c. Lindner also grabbed Doe in the crotch multiple times. He would react to Doe's clear offense at his (Lindner's) conduct by stating, "What's wrong? What's wrong? Did your girlfriend break up with you?"

  d. Lindner assaulted Doe on the buttocks with a broom handle.

  e. James Roe also grabbed Doe on the crotch, on at least one occasion.

12. On or about December 21, 2021, Doe's parents spoke to HCS Superintendent Bryce Bird and Josh Tarrell about the harassment.

13. Bird did not conduct a confidential investigation, leading Doe to face an onslaught of harassment from students. Students called Doe "bitch," "gay," "a pussy," and Doe was mocked by students who said, "He told his mommy."

14. The assaultive behavior made it impossible for Doe to continue attending HCS. Doe was depressed and unable to attend class, so his parents arranged for him to attend a different school. His last day of attendance at HCS was January 5, 2022.

15. Doe has incurred additional educational and travel expenses because of his transfer out of HCS.

16. Doe has incurred medical expenses because of the abuse he endured at HCS, as described in this complaint.

17. HCS lacks policies by which the harassment and assaults like that Cal Dorota, Caden Lindner and minor James Roe inflicted upon Doe could be prevented, addressed and / or stopped in a timely manner.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF TITLE IX**

18.     The plaintiff realleges and incorporates the foregoing paragraphs as if set forth fully herein.

19.     Prior to December 2021, HCS knew that multiple students had been sexually assaulted or harassed by one or all of the assailants. Those assaults occurred in areas controlled by HCS. Accordingly, HCS had knowledge and had been put on notice that the risk of an assault like the one on Doe increased. HCS was aware of a pattern of the predatory assaults on students by one or all of the assailants.

20.     HCS took no action against assailants despite its actual knowledge that they sexually assaulted or harassed students at HCS. HCS did nothing to warn the student population that such patterns of predatory sexual assaults were occurring until after Doe has been assaulted multiple times. Accordingly, HCS exhibited deliberate indifference to assaults in a way that made Doe more vulnerable to the attack itself.

21.     Doe and the assailants were HCS students, and both were subject to HCS's rules and policies. The assaults described in this Complaint took place on property owned, controlled and managed by HCS. HCS had the authority to expel or otherwise punish the assailants. Accordingly, HCS had substantial control over the assailants.

22.     The assaults described in this Complaint were so severe and objectively offensive that they deprived Doe of access to the educational opportunities and benefits provided by the school.

23.     The conduct in violation of Title IX described in this Complaint has caused Doe severe and permanent psychological, emotional and economic harm.

24.     The conduct in violation of Title IX described in this Complaint has also caused Doe harm to his overall education.

WHEREFORE, the plaintiffs demand the following relief:

1. Judgment against HCS in an amount sufficient to compensate Plaintiff for all educational, emotional and economic losses.

2. An award of all attorney fees and costs incurred by Doe in litigating this action.

3. Equitable relief in the form of an order compelling HCS to adopt policies to prevent sexual assault in its schools and to respond meaningfully to sexual assault and harassment when it comes to the attention of school officials.

4. All other relief the Court deems just to award, including but not limited to equitable relief.

## JURY DEMAND

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

Dated this 5th day of January, 2023.

**GINGRAS THOMSEN & WACHS LLP**
Attorneys for Plaintiff


*s/ Paul A. Kinne*
Paul A. Kinne
State Bar Number: 1021493

1850 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
kinne@gtwlawyers.com