IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN DOE,

      Plaintiff,

v.

      Case No. 23-cv-10-jdp

HIGHLAND COMMUNITY SCHOOLS,

      Defendant.

## DECLARATION OF AMY BOGOST

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1) I am one of the attorneys for the plaintiff, BB, in the case of *John Doe v. Highland Community Schools*, 23-CV-10-jdp.

2) The defendant, Highland Community Schools, has offered ▮▮▮▮▮▮ to resolve the claims in this matter.

3) As attorney for BB, that settlement amount is in the best interest of BB.

4) The settlement amount was reached after negotiation and mediation before Magistrate Judge Andrew Wiseman on May 16, 2023.

5) As counsel, I have conferred with the parents of BB multiple times. I participated in pre-suit investigation and drafting the complaint. I have then engaged in court procedures including the pretrial conference and initial disclosures. I helped to prepare the client for mediation and attended the mediation, and I have further participated in drafting and reviewing documents relative the resolution of this matter.

6) This case presents high risk of little or no recovery, particularly considering the limits on damages described in *Cummings v. Premier Rehab*, 142 S.Ct. 1562 (2022). Accordingly, the offer of ▮ is the best offer that can be obtained in this matter. It is just under half of the total amount of special damages listed in the initial disclosures ($82,548).

7) The fee agreement BB's parents signed on BB's behalf allows for a contingency fee of 40 percent on the gross recovery, and payment of out-of-pocket expenses. If the agreement were to be enforced by its terms, the fee recovery would be ▮, and the expense recovery would be ▮, for a total of ▮. BB's net recovery would be ▮.

8) Plaintiff's counsel has reduced its total fee and expense recover to ▮, with ▮ to be paid to the Bogost firm and ▮ paid to the Kinne firm. That leaves a net recovery for BB of ▮.

9) Plaintiff proposes to divide the ▮ in the following manner. Payment will be issued from the trust account of Gingras Thomsen & Wachs to Gingras, Thomsen Wachs in the sum of ▮; to the Bogost firm in the sum of ▮; to BB directly in the sum of ▮ to offset travel expenses; and to Caleb and Sarah Buroker in care of BB in the sum of ▮ to be deposited in a federally insured bank account until BB turns 18.

Dated: June 16, 2023

/s/ Amy Bogost
Amy Bogost