IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DOE,

                Plaintiff,

v.

HIGHLAND COMMUNITY SCHOOLS,

                Defendants.

OPINION and ORDER

23-cv-10-jdp

---

In this case brought under Title IX, minor plaintiff John Doe alleges that defendant Highland Community Schools failed to respond to Doe's reports that he was sexually assaulted by other students. Dkt. 1. The parties have reached a settlement agreement. Because Doe is a minor, Doe asks the court to approve the settlement and to authorize his parents to execute all necessary releases on his behalf. Dkt. 12. Doe brings only federal claims, so court approval of the settlement is not required by statute. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 806 F.3d 414, 419 (7th Cir. 2015) (state laws regarding approval of settlements involving minors apply to state-law claims heard under diversity jurisdiction). But the court routinely reviews settlements involving minors to ensure that the settlement protects the minor's interests as well as those of the parents who decide to settle cases on behalf of their children.

The court has reviewed the proposed settlement, Dkt. 12-1, which resulted from a mediation facilitated by Magistrate Judge Wiseman where Doe was represented by experienced counsel. The total settlement amount is reasonable in light of Doe's alleged actual damages. *See* Dkt. 12, ¶ 7.

The disbursement and management of the settlement proceeds is described in the motion for approval, Dkt. 12, and the supporting affidavits which the court will regard as a

binding commitments by counsel and Doe's parents. Doe's counsel has waived reimbursement of expenses and reduced their fees from the amount authorized under the terms of the engagement. Those reduced fees are less than one-third of the settlement amount, so the court concludes that the attorney fees are reasonable in light of the effort of counsel and the results obtained.

The net settlement proceeds are not large enough to warrant the expense of appointing a guardian ad litem or establishing a trust for Doe's benefit. If the net proceeds were placed in an account under Wisconsin's Uniform Transfers to Minors Act (UTMA), the funds would have to be managed by a custodian for the minor's benefit. *See* Wis. Stat. § 54.854, et seq. That's close to what will happen here. The majority of the funds will be placed in a "restricted FDIC savings or other account" that Doe can withdraw from only after he turns 18 years old, in about nine months. Dkt. 12, ¶ 12. A portion of the net settlement will be immediately disbursed to Doe himself to offset travel costs Doe has incurred driving to his new school in a neighboring district. *Id.*, ¶ 11. UTMA would allow a custodian to "pay to the minor or expend for the minor's benefit" an amount of funds that the custodian considers advisable. *See* Wis. Stat. § 54.880(1). The court has no reason to doubt that Doe's parents would be appropriate short-term custodians of Doe's settlement. The court concludes that the disbursement and management of the net settlement proceeds is reasonable and adequately protects Doe's interests.

The court finds that the settlement is in Doe's best interest and approves it.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for approval of a minor settlement, Dkt. 12, is GRANTED. Sarah and Caleb Buroker are authorized to execute the settlement agreement and all necessary releases on Doe's behalf.

2. Plaintiff's motion to seal, Dkt. 11, is GRANTED. Docket entries 12 through 16 will be sealed.

Entered June 27, 2023.

                                    BY THE COURT:

                                    /s/
                                    _____
                                    JAMES D. PETERSON
                                    District Judge